UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSICA RICARD | CIVIL ACTION NO. |
| VERSUS | |
| VARIETY WHOLESALERS, INC. D/B/A ROSES DISCOUNT STORE | 22-34-BAJ-EWD |

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Jessica Ricard ("Plaintiff") based upon the injuries she allegedly sustained on December 14, 2020 at a store owned by Defendant Variety Wholesalers, Inc. d/b/a Roses Discount Store ("Roses") in East Baton Rouge Parish, Louisiana (the "Accident").[1] Plaintiff alleges the Accident was caused when a Roses employee "suddenly and unexpectedly struck [Plaintiff] with a stock cart that was stacked so high it obstructed the employee's view of [Plaintiff]."[2]

On December 8, 2021, Plaintiff filed her Petition for Damages ("Petition") against Roses in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] Plaintiff contends that she suffered personal injuries as a result of the Accident, caused by the negligence of Roses' employee, for which Roses is vicariously liable.[4] On January 13, 2022, the matter was removed by Roses to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[5] However, as explained below, the Notice of Removal is deficient in its allegations regarding the citizenship of the parties and the amount in controversy.

---

[1] R. Doc. 1-2, ¶ 2.
[2] R. Doc. 1-2, ¶ 2.
[3] R. Doc. 1-2.
[4] R. Doc. 1-2, ¶¶ 2-5.
[5] R. Doc. 1, ¶ 3.

Proper information about the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal sufficiently alleges that Plaintiff is a citizen of Louisiana.[6] However, Roses is merely alleged to be "domiciled in the State of North Carolina," which is insufficient.[7] For purposes of diversity, "[a] corporation is a citizen of its place of incorporation and its principal place of business."[8] Therefore, Roses' place of incorporation *and* its principal place of business must be properly pled. If Roses both maintains its principal place of business, and is incorporated, in North Carolina, the Notice of Removal must expressly state that.

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[9] The Petition alleges Plaintiff suffered "bodily injuries, damages, and losses," described as follows:

7.

> As a result of the above-described incident, petitioner Jessica Ricard has suffered injuries, damages and losses, including, but not limited to, mental and physical pain and suffering in connection with injuries to her entire spine, including the back, left leg bruising, left knee, and other bodily injuries, as well as past and future medical expenses, loss of earning capacity, lost wages and future loss of wages, and other damages that will be shown more fully at the trial of this matter, for which the defendant is obligated to the petitioner, *in solido,* in amounts that are reasonable in the premises.[10]

---

[6] R. Doc. 1, ¶ 3 and *see* R. Doc. 1-2, introductory paragraph.
[7] R. Doc. 1, ¶ 3.
[8] 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[9] *See* 28 U.S.C. §1332(a).
[10] R. Doc. 1-2, ¶ 7 and *see* ¶ 2.

2

Roses relies solely on these allegations in the Notice of Removal.[11] However, this is not enough information to determine if Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiff's general allegations in the Petition of "injuries" and demands for general categories of damages (*e.g.*, mental and physical pain and suffering, loss of earning capacity, lost wages, *etc.*) are insufficient to establish the amount in controversy. "[C]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[12]

Roses has not provided any details regarding Plaintiff's alleged injuries or any treatment provided, including whether Plaintiff's injuries are permanent, the amount of medical expenses incurred, and Plaintiff's prognosis and recommended future treatment, including whether Plaintiff has been recommended for surgery related to this Accident. There is also no evidence of medical records or billing, settlement demands, discovery responses or relevant documents produced in discovery relevant to the amount in controversy.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse and whether the amount in controversy requirement has been met.[13]

Accordingly,

**IT IS ORDERED** that, on or before **January 21, 2022,** Defendant Variety Wholesalers, Inc. d/b/a Roses Discount Store shall file a motion for leave to file an amended Notice of Removal

---

[11] R. Doc. 1, ¶ 4.
[12] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.
[13] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

with a proposed comprehensive amended Notice of Removal (*i.e.*, that includes all of its numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case, and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

**IT IS FURTHER ORDERED that, on or before January 28, 2022,** Roses shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED that, on or before February 11, 2022,** Plaintiff Jessica Ricard shall file either: (1) a Notice stating that Plaintiff does not dispute that Roses has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, January 14, 2022.

_____
**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**